Filed 12/30/14  Olker v. Sterling  Pacifc Lending CA6

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SIXTH APPELLATE DISTRICT

| | |
|---|---|
| DONALD OLKER et al.,<br><br>　　　Plaintiffs and Respondents,<br><br>　　　　v.<br><br>STERLING PACIFIC LENDING INC., et al.,<br><br>　　　Defendants and Appellants. | H040491<br>(Santa Clara County<br>Super. Ct. No. CV162650) |

Respondents, Donald F. Olker and Therese M. Olker, Trustees of the Olker Living Trust dated June, 11, 1986, sued appellants Sterling Pacific Lending, Inc., and The Foundation Fund, LLC. over whether a senior construction loan made by appellants had been repaid.  Respondent's complaint alleged three causes of action:  (1) declaratory relief, (2) remove cloud on title, and (3) violation of Civil Code section 2941.  At trial, the parties stipulated to bifurcation of the causes of action in the complaint, with the third cause of action to be tried first.  The only question presented to the trial court was whether the senior loan originally in favor of appellant had been paid in full, such that the deed of trust should have been reconveyed.  The trial court concluded that the amounts due appellant had been paid in full.  Appellants now appeal the judgment entered by the trial court on October 25, 2013, awarding respondents, $500 in statutory damages and

subsequent order awarding respondents attorney fees and costs pursuant to Civil Code section 1717.[1]

The parties have now entered into a settlement which resolves the issues raised in the appeal. One of the conditions of settlement is that the parties jointly seek a reversal of the trial court's judgment. The parties have agreed that the trial court's judgment and order awarding attorney fees was erroneous, was not supported by the facts or law, and was based on prejudicial errors. The parties also agree that if the appeal were prosecuted to its conclusion, the judgment would properly be reversed. The parties have filed a joint motion for stipulated reversal of the judgment against appellant. The reason that the parties seek a stipulated reversal, as outlined in the motion and declaration in support of the motion for stipulated reversal, is that reversal of the judgment will place the parties in the same position they would be in, if the appeal were successfully prosecuted to completion; and the need for exhaustive and detailed briefing by the parties and review of the record by this court will be obviated, thus avoiding needless expenditure of private and judicial resources.

The parties' motion and joint declaration supports the conclusion that a stipulated reversal is appropriate under the facts of this case and the law. (See Code Civ. Proc., § 128, subd. (a)(8).) For the reasons stated in the joint motion for stipulated for reversal, including the fact that the underlying dispute was between two private construction lenders with competing lien priorities, no borrower or investor ever made a complaint against appellant, and no claims were filed in relation to this loan with the state regulatory agency, the court finds that there is no possibility that the interests of nonparties or the public will be adversely affected by the reversal.

This court further finds that the parties' grounds for requesting reversal are reasonable, are based on an informed and considered evaluation of the controlling legal

---

[1] A cross-complaint by Sterling resulted in a judgment against the borrower, which is not the subject of any appeal.

2

principals by both parties, results from extensive mediation with an experienced mediator, and will allow the parties to avoid litigating the appeal and incurring additional fees and costs. Those grounds outweigh the erosion of public trust that may result from the nullification of a judgment, and outweigh the risk that the availability of a stipulated reversal will reduce the incentive for pretrial settlement.

## DISPOSITION

The judgment is reversed pursuant to the stipulation of the parties. Each party to bear its own attorney fees and costs on appeal. The remittitur shall issue forthwith.

3

_____

RUSHING, P.J.

WE CONCUR:

_____

PREMO, J.

_____

ELIA, J.

4